UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 10-cr-20016-JES-DGB ) |
| ERIC M. CABRERA, | ) ) |
| Defendant. | ) |

# ORDER AND OPINION

This matter is now before the Court on Defendant Cabrera's Motions (Docs. 92, 102) to Reduce Sentence Pursuant to 18 U.S.C. § 3582 and the United States' Response (Doc. 107). For the reasons that follow, Defendant's Motions (Docs. 92, 102) to Reduce Sentence Pursuant to 18 U.S.C. § 3582 are DENIED.

### BACKGROUND

In April of 2011 Defendant Cabrera was sentenced to 170 months of imprisonment for conspiring to distribute more than 1000 kilograms of marijuana, in violation of 21 U.S.C. § 841(b)(1)(A). He is serving his sentence at FCI Terminal Island in San Pedro, California. His projected release date is March 27, 2021. In light of the ongoing COVID-19 pandemic, Defendant moves for an order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), often referred to as the compassionate release statute. Doc. 102. The United States responded to Defendant's Motion by asserting Defendant failed to exhaust administrative remedies and further opposes the request on the merits. Doc. 107.

**COVID-19 Background**

COVID-19 is a new "respiratory disease spreading from person to person." Situation

Summary, Ctrs. for Disease Control and Prevention ("CDC"), https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/summary.html#background (last updated Apr. 19, 2020). The current global pandemic of COVID-19 "poses a serious public health risk." *Id.* "COVID-19 can cause mild to severe illness" with the "most severe illness occur[ing] in adults 65 years and older and people of any age with serious underlying medical problems." *Id.*

**Defendant's Health**

Defendant is 46 years old and suffers from hypertension. Doc. 102, at 2. He is currently housed in FCI Terminal Island and has contracted COVID-19. *Id.* He has remained asymptomatic since being diagnosed with COVID-19 on April 26, 2020. Doc. 107, at 3.

**COVID-19 in the Bureau of Prisons**

The CDC has recognized that correctional facilities face unique challenges in controlling the spread of COVID-19. Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, CDC, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited Apr. 30, 2020). For instance, because incarcerated "persons live, work, eat, study, and recreate within congregate environments," there is a heightened "potential for COVID-19 to spread once introduced." *Id.* Recognizing this, the Bureau of Prisons ("BOP") has modified operations in all facilities, by, for example, suspending social and legal visits, limiting internal movement of inmates, suspending staff travel, and screening staff and inmates. BOP Implementing Modified Operations, BOP, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Apr. 30, 2020).

Notwithstanding these efforts, inmates and staff at various BOP institutions have tested

positive for COVID-19. At FCI Terminal Island, Defendant's institution, there are currently 117 inmates and 16 staff with known active cases of COVID-19; 8 inmates have died, 575 inmates have recovered, and no staff have recovered. *See* COVID-19 Coronavirus, BOP, https://www.bop.gov/coronavirus/ (last visited May 18, 2020) (scroll down to the COVID-19 Cases section, then click on "Full breakdown and additional details").

## LEGAL STANDARD

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable if it finds that (i) extraordinary and compelling reasons warrant such a reduction

and that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). "The defendant has the burden to show he is entitled to a sentence reduction." *United States v. Ebbers*, No. (S4) 02-CR-1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020); *cf. United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

## DISCUSSION

Defendant contends that he should be released pursuant to § 3582(c)(1)(A)(i) because he faces a high risk of death or serious injury from COVID-19. Doc. 102, at 6. Defendant argues that FCI Terminal Island has been "overrun" by COVID-19. Additionally, Defendant argues his

3

conviction was for a nonviolent drug offense and he has already been incarcerated for over 10 years. If released, Defendant plans to live with his former wife, Diane Cabrera; the two have repaired their relationship since divorcing shortly after Defendant's conviction. Ms. Cabrera owns a home in California, where she resides with their minor son. Defendant acknowledges his release would require the BOP to take cautionary steps to ensure his release would not cause him to spread the virus to anyone else. *Id*. at 6-7.

**Exhaustion**

Section 3582(c)(1)(A) contains an exhaustion requirement: before a defendant can bring his own motion, he must ask the warden of his facility to bring such a motion. If 30 days pass without a response, he can file a motion in court. *Id.* If, before that time, the BOP declines to bring such a motion, he must fully exhaust all administrative appeals before filing a motion in court himself. *Id*.

Defendant has not sought relief through the BOP, but argues the exhaustion requirement should be excused because of the unprecedented circumstances arising from the COIVD-19 epidemic.[1] Doc. 102, at 3. The United States argues Defendant's failure to exhaust precludes him from seeking relief in this Court. Doc. 107, at 6–11. Specifically, the United States argues that the compassionate release statute's exhaustion requirement is mandatory and the Court cannot not waive it. *Id*.

Courts around the country are struggling with the issue of whether the exhaustion requirement may be excused. *Compare, e.g., United States v. Perez*, No. 17 Cr. 513-3(AT), 2020 WL 1546422, at *2–3 (S.D.N.Y. Apr. 1, 2020) (finding that exhaustion requirement is

---

[1] Counsel for Defendant states he does not know if Defendant has asked the warden of his facility for compassionate release. Doc. 102, at 3. Because the burden of proof rests with Defendant to show he is entitled to release and no party has presented any argument or evidence that Defendant has pursued his administrative remedies, the Court assumes Defendant has not sought relief through the BOP.

waivable), *with, e.g., United States v. Brown*, No. 12-20066-37-KHV, 2020 WL 1935053, at *1–2 (D. Kan. Apr. 22, 2020) (finding that the exhaustion requirement is jurisdictional and not waivable). However, courts that find the exhaustion requirement can be excused still make that decision on a case-by-case basis. *See, e.g., United States v. Coles*, No. 00-cr-20051, 2020 WL 1976296, at *5 (C.D. Ill. 2020) (finding § 3582(c)(1)(A) does not require court to wait to consider a compassionate release request, but noting the decision should be made on a case-by-case basis).

Here, Defendant has presented no evidence that he even attempted to exhaust his administrative remedies by requesting compassionate release through the BOP. Defendant's failure to request compassionate release through the BOP denied the BOP the opportunity to review his request, and Defendant offers no justification for why he was unable or unwilling to do so. Under the circumstances presented here, the Court does not believe Defendant's failure to exhaust should be excused. Nonetheless, even if the Court were to excuse Defendant's failure to exhaust, the Court would deny the request on the merits.

**Merits**

Defendant argues that he has shown that extraordinary and compelling reasons warrant his release because he has contracted the virus and BOP has been unable to control the conditions at FCI Terminal Island. Doc. 102, at 5. The United States argues that Defendant does not qualify for compassionate release because he has failed to show extraordinary and compelling circumstances justifying his release. Doc. 107, at 11. Specifically, the United States argues Defendant's asymptomatic contraction of COVID-19 dooms his request, and his managed hypertension is not an identified risk factor under CDC guidelines. *Id*. at 14, 17–19. Further, the United States argues Defendant's proposed release plan is insufficient because it does not

5

address how he will keep from spreading COVID-19 to the public or his family upon his release. *Id*. at 19–20.

The compassionate release statute directs the Court to make three considerations: 1) whether extraordinary and compelling reasons warrant a sentence reduction; 2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and 3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1).

The Sentencing Guideline's policy statement defines what constitutes extraordinary and compelling reasons that warrant a sentence reduction. *See* U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). Application notes explain that the medical condition of the defendant (i.e., if he suffers from a terminal illness or a serious physical or medical condition that "substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover"), his age (i.e., if he is 65 and declining in health and has served a large portion of his sentence already), or his family circumstance (i.e., if the caregiver for his minor children dies or becomes incapacitated) can constitute extraordinary and compelling reasons warranting release. *Id.* § 1B1.13 cmt. n.1(A)–(C).

Previously § 3582(c)(1)(A) allowed only the BOP to bring a motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 2, 2002 through Dec. 20, 2018). The Sentencing Commission has not updated its policy statement to reflect that a defendant can make his own motion for a sentencing reduction. Some courts have held that this means there is currently no policy statement with which sentencing reductions under § 3582(c)(1)(A) must be consistent. *See, e.g.*, *United States v. Redd*, No. 1:97-CR-00006-AJT, 2020 WL 1248493, at *6

(E.D. Va. Mar. 16, 2020). This Court has previously adopted this approach. *See United States v. Seggebruch*, No. 15-cr-20034, ECF Doc. 113 (C.D. Ill. May 15, 2020); *United States v. Brooks*, No. 07-20047, ECF Doc. 67 (C.D. Ill. May 15, 2020). Thus, a court may find that extraordinary and compelling reasons exist based on facts and circumstances other than those set forth in U.S.S.G. § 1B1.13 cmt. n.1(A)-(C), and without the BOP's motion or express finding. *See, e.g.*, *Redd*, No. 1:97-CR-00006-AJT, 2020 WL 1248493 at *6.

This Court has previously stated "the mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *See, e.g., United States v. Melgarejo*, No. 12-cr-20050, at ECF Doc. 41 at p. 5 (C.D. Ill. May 12, 2020). However, the Court also opined, "[p]erhaps a prisoner could satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id*. at 5–6.

Here, the Court believes Defendant has failed to meet his burden to establish that extraordinary and compelling reasons justify his release from prison. Most significantly, although the possibility of contracting COVID-19 is a serious concern, the risk associated with contracting COVID-19 is due to the increased severity of symptoms and potential for death for those who have unusually strong reactions to the virus. *See* https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html (last visited May 19, 2020). Others, like Defendant Cabrera, do not exhibit symptoms associated with COVID-19 and remain asymptomatic. Because Defendant Cabrera remains asymptomatic despite testing positive for COVID-19, the risk of him suffering severe complications from the

virus is significantly diminished compared to others in the BOP who have either not contracted the virus or who have contracted the virus and exhibited symptoms or complications.

Second, although Defendant's institution, FCI Terminal Island, is facing a serious outbreak of COVID-19 infections, it appears the outbreak at that facility is now being quelled. *See* https://www.bop.gov/coronavirus/ (last visited May 19, 2020) (indicating 117 active inmate cases and 575 recovered inmate cases). Further, while some institutions have likely unreported the number of inmates suffering from COVID-19 due to limited testing, FCI Terminal Island appears to have tested a significant portion of its 1,042 inmates given the number of inmates reported as recovered. *Id*. Third, the Court believes releasing Defendant Cabrera into the community at this time, while he has COVID-19, would endanger the health and safety of the community. For these reasons, the Court finds Defendant has failed to establish extraordinary and compelling reasons justifying his release. *See United States v. Davis*, No. 06-cr-20020, ECF Doc. 319 (C.D. Ill. May 12, 2020) (denying compassionate release request because defendant already contracted COVID-19, remained asymptomatic, and would be a danger to the safety of the community if released).

## CONCLUSION

For the reasons set forth above, Defendant's Motions (Docs. 92, 102) to Reduce Sentence Pursuant to 18 U.S.C. § 3582 are DENIED.

Signed on this 19th day of May, 2020.

<u>James E. Shadid</u>
James E. Shadid
United States District Judge
